**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                                    Date:  June 5, 2026

Title: Shashikiran Rapghupathi Gogate et al v. Joseph B. Edlow et al

_____

PRESENT:        THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

_____

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANTS'
MOTION TO DISMISS [13]**

Before the Court is Defendants Joseph B. Edlow and USCIS's ("Defendants")
Motion to Dismiss ("Motion" or "Mot.") (Dkt. 13). The Court finds the matter
appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.
Having reviewed the briefing submitted by the Parties, the Court **DENIES** Defendants'
Motion to Dismiss. The hearing set for June 9, 2026 is **VACATED.**

   **I.     BACKGROUND**

        **a.  Facts**

        The following facts are drawn from Plaintiffs Shashikiran Raghupathi Gogate,
Sumangali Shantaje Krishnabhat, and Tanvi Gogate's (collectively, "Plaintiffs")
Complaint ("Complaint" or "Compl.") (Dkt. 1).

        The Immigrant Investor Program, also known as the Employment-Based Fifth
Preference ("EB-5") program, was created by Congress as part of the Immigration Act of
1990. Compl. ¶ 14. This program provides for immigrant visas for foreign investors who
invest approximately $1 million in a new commercial enterprise that creates at least ten
new jobs for Americas. *Id.* (citing 8 U.S.C. § 1153(b)(5)). The threshold amount is
reduced to $800,000 if the investment is made in a high unemployment or rural area. *Id*. ¶
14. Congress amended the EB-5 program through the EB-5 Reform and Integrity Act of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                               Date : June 5, 2026

                                                                    Page 2

2022 and allowed investors to concurrently file their green card application with their EB-5 petition. *Id.* ¶ 15.

Plaintiffs are all Indian nationals who currently reside in Orange County, California. Compl. ¶¶ 1-3. Plaintiff Mr. Gogate invested $800,000 in a new commercial enterprise located in a USCIS-designated regional center. *Id.* ¶ 23. Mr. Gogate's investment will create at least 10 jobs for American workers. *Id.* In light of this investment, Plaintiffs all filed I-526E and I-485 application. *Id.* ¶¶ 24-26. Plaintiffs' I-526E petition was approved ten months after filing and after the filing of the instant case. Opposition (Dkt. 16) at 1. Plaintiffs' I-485 applications remain pending. *Id.*

Plaintiffs are a family of four, including a seven-year-old son who is a United States citizen. Compl. ¶ 28. Plaintiffs allege they face job insecurity and uncertainty in light of the non-approval of their applications. *Id.* ¶¶ 29-34. Plaintiffs also face financial commitments that they may be unable to meet if they lose their ability to work. *Id.* ¶¶ 35-37. It is alleged this matter is time-sensitive for Plaintiff Ms. Gogate because if she cannot obtain permanent residence status by her twenty-first birthday she will not be permitted to remain in the United States under derivative status. *Id.* ¶¶ 38-40. She is currently enrolled as a freshman at the Samueli School of Engineering, University of California, Irvine. *Id.* Finally, Plaintiffs also state that they wish to visit their home country of India more often but are barred from doing so by the administrative limbo they are in. *Id.*

### b. Procedural History

Plaintiffs originally filed their Complaint in this Court on November 14, 2025 (Dkt. 1). They bring claims for violation of the Administrative Procedure Act, mandamus, and violation of the right to due process. They seek an order compelling Defendants to make determination on their application, attorneys' fees, and declaratory relief.

Defendants filed their Motion to Dismiss on April 16, 2026 (Dkt. 13). Plaintiffs filed their Opposition (Dkt. 16) on April 27, 2026. Defendants filed their Reply (Dkt. 18) on May 4, 2026. After the Court granted leave (Dkt. 21), Plaintiffs then filed a Sur-Reply (Dkt. 23) on May 14, 2026. On May 22, 2026 Plaintiffs filed a Notice of Supplemental Authority (Dkt. 24) and provided a recent order from another court in the Ninth Circuit.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES

Date : June 5, 2026

Page 3

## II.    LEGAL STANDARD

### a.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims. *Id.*

Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply with equal force to Article III standing when it is being challenged on the face of the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (applying *Iqbal*). Thus, in terms of Article III standing, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### b.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire &*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**


Case No. 8:25-cv-02558-DOC-KES                                    Date : June 5, 2026

                                                                             Page 4


*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.   DISCUSSION[1]

### a.  Plaintiffs' Claims Are Not Barred by 8 U.S.C. § 1252(a)(2)(B)(ii).

Defendant argues that "[t]he Immigration and Nationality Act ('INA') strips courts of jurisdiction over USCIS's pace of adjudication of Plaintiffs' I-485 Applications." Mot. at 5. Defendant specifically points to 8 U.S.C. § 1252(a)(2)(B), which provides as follows:

---

[1] Plaintiffs contend that Defendnats raise new arguments in their Reply brief. Sur-Reply (Dkt. 23) at 1. The Court need not consider any arguments not raised in Defendants' initial brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[A] district court need not consider arguments raised for the first time in a reply brief."). Accordingly, while the Court has allowed a Sur-Reply, it does not consider any of new arguments raised in either Defendants' Reply brief or Plaintiffs' Sur-Reply brief.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                    Date : June 5, 2026

Page 5

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

Plaintiff counters that Section 1252(a)(2)(B)(ii)'s "language shields the exercise of discretion to grant or deny. It does not shield the failure to decide." Opp. at 2. Plaintiffs then state that they "do not challenge a USCIS decision," rather "[t]hey challenge the absence of any decision whatsoever." *Id.* Plaintiffs also cite to recent decisions by other district courts in California holding that Section 1252(a)(2)(B)(ii) does not bar claims like Plaintiffs that seek adjudication of their applications, but do not challenge a grant or denial. *Id.* at 4.

The Court here follows its sister courts in the Northern District who have held that that Section 1252(a)(2)(B)(ii) is not a bar to judicial review. In *Gao v. Mullin*, the court explained why the statute does not bar judicial review:

> [T]he majority of district courts" in the Ninth Circuit have refused to follow *Beshir*[ *v. Holder*, 10 F. Supp. 3d 165 (D.D.C. 2014)] and other cases that have concluded that the pace of adjudication is discretionary and thus not subject to judicial review, instead holding that "the government has a non-discretionary duty to adjudicate [petitions for adjustment of status] within a reasonable period of time" and that courts have jurisdiction to review the Government's failure to do so. *Khan v. Johnson*, 65 F. Supp. 3d 918, 924-25 and n. 4 (C.D. Cal. 2014) and cases cited therein; *see also Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1069 (N.D. Cal. 2014) ("Indeed, the government has a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                    Date : June 5, 2026

Page 6

non-discretionary duty to adjudicate [petition for adjustment of status] within a reasonable period of time" and "[t]o hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law" (internal quotation marks and citations omitted)); *Mugomoke v. Curda*, No. 2:10-CV-02166 KJM DAD, 2012 WL 113800, at *4 (E.D. Cal. Jan. 13, 2012) ("While the Secretary has discretion to decide the outcome of an I–485 application, the authority to not act on an application is not conferred by any statute. Thus a failure to act on an I–485 application falls within the APA's default rule: 'With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.'). (citing 5 U.S.C. § 555(b)).

No. 25-CV-01479-SVK, 2026 WL 948665, at *3 (N.D. Cal. Apr. 8, 2026) (emphasis in original) (quoting *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026)).

The recent order by the Southern District of California in *Concepcion v. Mullin*, No. 25-CV-03221-DMS-MMP, 2026 WL 1388761, at *4-12 (S.D. Cal. May 18, 2026) also affirms that jurisdiction is proper here. There, the Court canvassed other recent district court opinions and concluded that the majority of courts to face this question have concluded that 8 U.S.C. § 1252(a)(2)(B) does not bar pace-of-adjudication claims like Plaintiffs'. *Id.* at *8 n.7.

Finally, the Court also disagrees with Defendants' argument that *Patel v. Garland*, 596 U.S. 328 (2022) and *Zia v. Garland*, 112 F.4th 1194, 1200 should alter the Court's determination here. Both *Zia* and *Patel* dealt with matters where the Board of Immigration Appeals had rendered a decision and came in the context of removal proceedings. 596 U.S. 328 at 334-335; 112 F.4th 1194 at 1198-99; *see also Gao*, 2026 WL 948665, at *3 ("The Court also specifically addressed and rejected Defendants' reliance on *Patel* and *Zia*: Those cases 'each involved the question of whether courts have jurisdiction to review factual findings and other preliminary decisions made in connection with final decisions on individual applications for immigration benefits.'" (quoting *Varniab*, 2026 WL 485490, at *6)). Plaintiffs do not challenge a decision by Defendants, but rather their refusal to render a decision. That is an important distinction and why Section 1252(a)(2)(B)(ii) does not apply.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                                      Date : June 5, 2026

Page 7

### b.  There Exists A Discrete Duty To Adjudicate Plaintiffs' Applications.

Defendants contend "there is no statutory timeline requiring USCIS to adjudicate an I-485 application within a specific time." Opp. at 9. "[T]his Court finds more compelling the majority rule within the Ninth Circuit imposing on the government a mandatory duty to adjudicate an I–485 application within a reasonable period of time." *Khan v. Johnson*, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014); *see also Nawaz v. Rubio*, No. C24-10983, 2025 WL 1091548, at *3 (C.D. Cal. Mar. 4, 2025) ("It is pellucidly clear that there is a nondiscretionary duty to adjudicate completed visa applications."). Indeed, "there is a difference between the INS's discretion over *how* to resolve an application and the INS's discretion over *whether* it resolves an application." *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007). As such, this Court follows the numerous other courts who have found that the government has a duty to adjudicate applications like Plaintiffs'. *Kesireddy v. Scott*, No. 24-CV-08390-JST, 2025 WL 3688138, at *2 (N.D. Cal. Dec. 19, 2025).

### c.  The Court Need Not Determine Whether There Has Been Unreasonable Delay At This Stage.

To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply the six-factor test articulated in *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984), commonly referred to as the "*TRAC* test." That test considers the following:

1. the time agencies take to make decisions must be governed by a rule of reason;
2. where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
3. delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
4. the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
5. the court should also take into account the nature and extent of the interests prejudiced by delay; and
6. the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                    Date : June 5, 2026

                                                              Page 8

*In re Pesticide Action Network N. Am., Nat. Res. Def. Council, Inc.*, 798 F.3d 809, 813 (9th Cir. 2015) (citing *TRAC*, 750 F.2d at 79–80).

The Court declines to delve any further at this stage as its sister courts have routinely concluded that assessing the TRAC factors at the pleadings stage is unnecessary:

> Because this analysis is fact-intensive, courts routinely decline to resolve the *TRAC* test at the pleading stage. *See, e.g., Durham*, 2024 WL 3811146, at *6 (collecting cases); *Tamjidi v. Blinken*, No. 8:24-CV-00403 HDV JDE, 2024 WL 4328813, at *5 (C.D. Cal. Aug. 27, 2024) (collecting cases). This Court agrees. At this stage, Plaintiff only needs to allege a legally cognizable theory and offer non-conclusory factual allegations sufficient to support that theory. *Moss*, 572 F.3d at 969. Accordingly, the Court finds that it is premature and improper to rule as a matter of law on whether the *TRAC* test is satisfied at this early stage.

> *Qubadi v. Bitter*, No. 2:25-CV-00500-MWC-JPR, 2025 WL 2428004, at *4 (C.D. Cal. July 16, 2025).

### d.  Plaintiffs' Mandamus Claim May Proceed.

Defendants contend that "[b]ecause Plaintiffs fail to plausibly allege claims under the APA, their mandamus claim similarly fails." Opp. at 19. The Court has concluded that Plaintiffs' APA claim may proceed. As such, their mandamus claim may proceed as well.

### e.  Plaintiffs' Due Process Claim May Proceed.

Defendants contend that Plaintiffs fail to plead a protected property or liberty interest because the processing of the I-485 applications is a discretionary process. Opp. at 19-20. Plaintiffs counter that while the approval and processing of their I-485 applications is partially discretionary, it is also circumscribed by certain mandatory requirements. Opp. at 27-29. The Court agrees with Plaintiffs.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02558-DOC-KES                    Date : June 5, 2026

                                                            Page 9

Plaintiffs invested $800,000 for the purposes of their I-485 application. They did so with the understanding that there was an 180-day expectation for all immigration benefits, 8 U.S.C. § 1571(b), and an 120-day expectation for the rural EB-5 petition at issue here, U.S. Citizenship and Immigration Services Employment-Based Immigrant Visa, Fifth Preference (EB-5) Fee Rule, 90 Fed. Reg. 48516 (proposed Oct. 23, 2025) (providing for "attaining the goal of completing adjudications, on average, not later than . . . 120 days after receiving an immigrant investor petition for classification under INA sec. 203(b)(5)(E) (Form I-526E) with respect to an investment in a TEA").

"The Ninth Circuit has long held that applicants have a property interest protectible under the Due Process Clause where the regulations establishing entitlement to the benefit are, as here, mandatory in nature." *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998). While the process at issue here is discretionary, it has been circumscribed enough by the aforementioned goals and expectations that applicants may have a legitimate protected property interest in having their application properly adjudicated after making an investment. Here, Plaintiffs have been provided with no substantive updates so the government has failed to proffer any sort of process at all. Thus, Plaintiffs may proceed past the pleadings stage with their due process claim.

The Court declines to delve any further at this stage despite Plaintiff providing an analysis of the *Mathews v. Eldridge* factors. Opp. at 29-30. Defendants do not go so far with their arguments at this stage and the Court declines to reach any farther.

## IV.    DISPOSITION

For the reasons set forth above, the Court **DENIES** Defendants' Motion. The hearing set for June 9, 2026 is **VACATED.** The Scheduling Conference is CONTINUED to August 6, 2026 at 8:30 AM. Joint Rule 26(f) Report is due no later than July 27, 2026.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                Initials of Deputy Clerk: kdu

CIVIL-GEN